KINGS COUNTY.—HON. JACOB I. BERGEN, SURROGATE.—June, 1884.

SMITH v. MEAKIM.

*In the matter of the estate of* WILLIAM MEAKIM, *deceased.*

Decedent's family physician, S., having presented to the administrator his bill for services, amounting to $1,098, the same was rejected, referred under the statute, and a judgment rendered, against the administrator, for $546.16, after a trial, in which the remainder of the claim was held to be barred by the statute of limitations, and a note of claimant, set up as a counterclaim, was held barred in like manner. Subsequently, S. wrote to the administrator that he expected to allow this note, if he could have a fair settlement of his account against decedent. The latter's real property having been thereafter sold to pay his debts, etc., and S. applying for payment of his judgment from the proceeds of sale, it was contended that S. had, by his written admission, taken the note out of the statute of limitations, and that the same should be credited upon the judgment.—

*Held*, that the promise was conditional, and, not having been accepted, did not operate as contended, and that S. should receive the amount of his judgment exclusive of costs, with interest from the date of entry.

The debts mentioned in Code Civ. Pro., § 2749, which permits a decedent's real property to be disposed of "for the payment of his debts and funeral expenses," do not include costs and allowances granted by a decree refusing probate to the decedent's will.

Code Civ. Pro., § 2798, subd. 5,—which provides that "out of the remainder of the money" arising from a sale, etc., of a decedent's real property, for the payment of debts, etc., "must be paid the sum, if any, which has been found to be due to the executor or

administrator, upon a judicial settlement of his account, after apply-
ing thereupon the proceeds of the personal property"—refers to
those debts of the decedent for which the court could order a sale of
the realty, and not to expenses incurred in administration, such as
costs and allowances on a contest over the probate of the will.

Accordingly, where costs and allowances had been granted by a decree
refusing probate of decedent's will, it was—

*Held*, that the same could not be paid out of the proceeds of a sale of
his real property, had under Code Civ. Pro., § 2749, *et seq.*,
although the decree granting the costs directed the same to be paid
by the administrator when appointed, as a part of the expenses of
administration.

APPLICATION for distribution of proceeds of sale of
decedent's real property, made for the payment of his
debts and funeral expenses, in a special proceeding in-
stituted by Hugh T. Meakim, administrator of his
estate. The facts appear sufficiently in the opinion.

M. D. GOULD, *for administrator.*

A. H. DAILEY, *for creditors.*

H. D. BIRDSALL, *for O. H. Smith.*

CHAS. A. RICHARDSON, *special guardian.*

THE SURROGATE.—This an application for the dis-
tribution of the fund arising from the sale of the dece-
dent's real estate for the payment of his debts and
funeral expenses.

It appears that the administrator, in the administra-
tion of the estate, ascertained that the personal prop-
erty was insufficient to pay the debts of the decedent.
He accordingly petitioned this court for leave to sell
the real estate for that purpose, which petition was
granted, and the real estate was sold, realizing the sum
of $3,208.91, which is now in the hands of the county
treasurer.

Upon this application for the distribution of the fund, two questions arise : 1st.—What amount should be allowed Dr. O. H. Smith for medical attendance rendered William Meakim, deceased, and his family?

The evidence discloses the fact that Dr. Smith was the family physician and had attended the decedent and his family from April 10th, 1870, to June 24th, 1878; that he had presented a bill to said administrator for his services, amounting, with interest, to the sum of $1,098; that said claim was rejected by the administrator, and subsequently, under the statutes, was referred to George H. Fisher, Esq., to hear and determine, and after a trial upon the merits a judgment was entered, on November 19th, 1881, against said administrator and in favor of Dr. Smith for the sum of $546.16, exclusive of costs, the balance of the claim being excluded by the court, on the ground that it was barred by the statute of limitations.

Upon the return of the citation for the distribution of the fund now in the hands of the county treasurer, it was sought to reduce the amount of said judgment under § 2757 of the Code of Civil Procedure, by establishing a counterclaim in favor of the administrator, and against Dr. Smith. The same counterclaim was pleaded in the above mentioned action in the Supreme court, and that court refused to allow it, holding that the note which constituted the counterclaim was barred by the statute of limitations.

It is now claimed that, in May, 1881, Dr. Smith wrote to Nelson Meakim that he expected to allow said note and interest, if he could have a fair settlement of his account against William Meakim, deceased; which, it

is now urged takes the note out of the statute of limitations, and requires that it should be credited on account of said judgment. But Dr. Smith in explanation says that he did not intend to waive his right to the statute of limitations, on said note, unless the administrator of William Meakim, deceased, would admit his entire claim as originally presented, for medical services from 1870, which claim included the amount excluded by the Supreme court in the said action, as being barred by the statute of limitations; but that he was willing, if the administrator would pay his entire claim as originally presented, to credit the administrator with the amount of said note, and that this was what he referred to in his letter to Nelson Meakim, when he said: "All I want is a fair settlement."

I am of the opinion that, after the trial of the case upon the merits, and a judgment having been rendered against the administrator, in which the same issues were involved, the letter above referred to does not take the note in question out of the statute of limitations. The promise was conditional, and, it not having been accepted, Dr. Smith should be allowed the sum of $546.16, being the amount of his judgment exclusive of costs, and interest thereon from the date of the entry of said judgment.

2nd.—The second question, arising upon this application, is as follows:

The decedent left a will which was offered for probate, and after a contest was rejected by the Surrogate of Kings county. In the decree denying probate of the will, entered in 1879, the then Surrogate fixed the costs and allowances thus: Theodore F. Jackson,

counsel for proponents, one hundred and fifty dollars ; Joseph A. Kent, counsel for contestants, one hundred and fifty dollars ; George H. Fisher, special guardian of minor, one hundred dollars ; and directed the same to be paid by the administrator when appointed, as a part of the expenses of the administration.

The heirs at law contend that these claims are not debts of the decedent, nor funeral expenses, and therefore cannot be allowed under § 2749 of the Code of Civil Procedure.

The real estate realized sufficient to pay all the debts of decedent, including the claims for costs and allowances in the matter of the contested probate of the will.

I think it is clear that the statute does not authorize this court to order a sale of the decedent's real estate for the purpose of paying the expenses of the administration. That power is only given for the payment of the debts of the decedent and the funeral expenses (Code Civ. Pro., § 2749).

But it is contended that, inasmuch as the real estate has been sold, and the fund is now in the hands of the county treasurer, this court, under subd. 5 of § 2793 of the Code of Civil Procedure—which reads as follows : "Out of the remainder of the money must be paid the sum, if any, which has been found to be due to the executor or administrator upon a judicial settlement of his accounts, after applying thereupon the proceeds of the personal property"—has the power to direct the payment of said costs and allowances to the parties entitled thereto, the same as if the administrator had personally paid them, under the direction in said decree.

But I am of the opinion that the said section refers

only to such claims or debts of the decedent as would anthorize this court to order a sale of the real estate for the payment of the same, and not for the payment of any expenses incurred in the administration of the estate, particularly for allowances made on contest of the will (Ball v. Miller, *17 How. Pr.*, *300;* Fitch v. Witbeck, *2 Barb. Ch.*, *161;* Wood v. Byington, *id.*, *387;* Cornwall's Estate, *1 Tucker*, *250*).

These claims are undoubtedly just and equitable, and should be paid, but this court is one of limited jurisdiction, and cannot exceed the powers granted to it by the statute.

I, therefore, regret that I have no power to allow said costs.